IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 1, 2015 Session

**IN RE CASSIE C.**

**Appeal from the Criminal Court for Knox County**
**No. 103845     Hon. Steven W. Sword, Judge**

**No. E2014-02113-COA-R3-JV-FILED-JULY 28, 2015**

This case involves a minor's appeal of a criminal court order directing her to pay restitution of over $9,000 at the rate of $50 a month. The minor claims that the amount of restitution is excessive and that the court failed to consider the rehabilitative nature of the juvenile court system and her inability to remit payment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and FRANK G. CLEMENT, JR., JJ., joined.

Mark E. Stephens, District Public Defender; and Jonathan Harwell and Maya Sheppard, Assistant Public Defenders, Knoxville, Tennessee, for the appellant, Cassie C.

Herbert H. Slatery, III, Attorney General and Reporter, and John H. Bledsoe, Senior Counsel, Nashville, Tennessee, for the appellee, State of Tennessee.

**OPINION**

**I.     BACKGROUND**

The juvenile court magistrate entered an order adjudicating Cassie C. ("the Minor") as delinquent for aggravated burglary and theft over $1,000. The Minor was placed on probation and was tasked with paying restitution in the amount of $9,665 at the rate of $75 per month, beginning on August 1, 2014. Thereafter, the juvenile court judge confirmed the restitution order entered by the magistrate judge. The minor timely appealed to the Knox County Criminal Court.

A de novo hearing on the issue of restitution was held on September 19, 2014. The parties agreed at the hearing that the total amount of restitution owed was $9,333, not $9,665 as reflected in the original order. The Minor, who was 16-years-old at the time of the hearing, testified that she attends an alternative school and that her mother relied on social security disability as the family's sole source of income. The Minor claimed that she is unable to maintain employment because she does not have transportation. She stated that she worked at a flea market for one day but was unable to return due to lack of transportation. She asserted that she then sought employment at three fast food restaurants near her residence. Two of the restaurants did not respond to her inquiry, while someone at the third restaurant informed her that they were not hiring. She admitted that she had not attempted to offer her services as a babysitter or to solicit money in exchange for yard work. She explained that she did not know any families in the area and that she did not know how to use a lawnmower. She conceded that she had not asked her uncle, who mowed the lawn at her residence, how to use a lawnmower.

Following the hearing, the court affirmed the restitution order as ratified in the amount of $9,333 but modified the payments to $50 per month. The court noted that any remaining balance was subject to collection as provided by law once the Knox County Juvenile Court no longer had jurisdiction over the Minor. This timely appeal followed.

## II. ISSUE

We consolidate and restate the issue raised on appeal as follows:

Whether the trial court abused its discretion in setting the amount of restitution.

## III. STANDARD OF REVIEW

The legislature provided the juvenile court with wide discretion in entering orders of restitution. Accordingly, the order of restitution entered in this case will not be overturned absent a showing of an abuse of discretion. A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

# IV.    DISCUSSION

Tennessee Code Annotated section 37-1-131(b)(1), provides as follows:

> If the child is found to be delinquent, the court shall determine if any monetary damages actually resulted from the child's delinquent conduct. Upon a determination that monetary damages resulted from such conduct, the court shall order the child to make restitution for such damages unless the court further determines that the specific circumstances of the individual case render such restitution, or a specified portion thereof, *inappropriate*.

(Emphasis added). The parties agree that the amount of restitution ordered reflects the monetary damages. The Minor argues that the amount of restitution is inappropriate given her and her family's limited means. She claims that the court failed to take into account the rehabilitative nature of the juvenile court system and the restitution statute applicable in criminal cases that directs the court to consider an offender's financial resources and future ability to remit payment. She requests an order of community service in lieu of monetary restitution pursuant to Tennessee Code Annotated section 37-1-102(b)(20).[1] She notes that other counties limit the amount of restitution available in juvenile cases and that Georgia even enacted a parental liability statute applicable in certain circumstances. The State responds that age and inability to pay are not specific circumstances that render the amount of restitution inappropriate. The State alternatively argues that the court addressed her inability to pay by modifying her monthly payments.

> As noted by the Minor, the restitution statute applicable in criminal cases provides,

> In determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform.

Tenn. Code Ann. § 40-35-304(d). The relevant statute applicable in juvenile cases does not contain the same provision. Accordingly, we reject the Minor's assertion that the court was required to specifically consider her inability to remit payment.

The legislature anticipated the problems inherent in requiring juveniles to fulfill restitution orders by providing the court with discretion in cases when an order of

---

[1] "'Restitution' means compensation that is accomplished through actual monetary payment to the victim of the offense by the child who committed the offense, or symbolically, through unpaid community service work by the child, for property damage or loss incurred as a result of the delinquent offense[.]"

restitution could be considered inappropriate. In such cases, the court may order community service in lieu of monetary restitution. The Minor has not presented any specific circumstance that might render monetary restitution inappropriate in her case. She, like any juvenile, is of young age and is limited in her ability to remit payment. The legislature accounted for these circumstances by providing the victim with the ability to convert a restitution order into a civil judgment if the juvenile is unable to fulfill the terms of the restitution order by the time the juvenile court loses jurisdiction. Tenn. Code Ann. § 37-1-131(b)(2)(A).[2] Additionally, the Minor's claim that she is unable to remit restitution because of her family's limited means is also misplaced. The restitution order is her responsibility, not her family's responsibility. We acknowledge that other jurisdictions have limited the amount of restitution applicable in juvenile cases and provided an avenue in which parents may be held responsible for the juvenile's restitution. Such is not the case in Knox County. We decline to adopt a rule establishing otherwise.

Here, the court modified the Minor's monthly payments in recognition of the fact that she was without transportation and had trouble securing employment. The court also specifically noted that requiring restitution would aid in the Minor's rehabilitation by requiring her to earn funds commensurate with the damages sustained by the victim. We agree. Moreover, the record is simply devoid of any evidence establishing that the court abused its discretion in setting the amount of restitution.

---

[2]"IF restitution is ordered pursuant to this subsection (b) in those cases where the court has made a finding that:

    (i) A specified amount is owed;

    (ii) Such amount is ordered to be paid pursuant to a specific payment schedule; and

    (iii) The total amount of such ordered restitution is not paid by the time the juvenile court
    no longer has jurisdiction over the child;

THEN, notwithstanding § 37-1-133(b) or any other law to the contrary, the recipient of such restitution may convert the unpaid balance of the restitution ordered by the court into a civil judgment in accordance with the procedure set out in this subsection (b). The payment of such civil judgment shall be at the same payment schedule as that as when the offender was a juvenile."

# V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Cassie C.

_____
JOHN W. McCLARTY, JUDGE